## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CURTIS RODRIGUE** | **CIVIL ACTION** |
| **VERSUS** | **NO. 20-2267** |
| **NATIONAL INSURANCE COMPANY ET AL.** | **SECTION "L" (2)** |

## ORDER & REASONS

Before the Court is a motion for partial summary judgment by Defendant Slay Transportation Co. ("Slay Transportation") on Plaintiff's negligent hiring, training, supervision, and entrustment claims. R. Doc. 13. Plaintiff opposes the motion. R. Doc. 27. Having considered the parties' briefs and the applicable law, and having heard the parties on oral argument, the Court now issues this Order and Reasons.

## I.        BACKGROUND

This case arises from a three-vehicle accident that occurred on June 17, 2019 on I-12 Westbound in St. Tammany Parish, Louisiana. R. Doc. 1-4 ¶ 2. Plaintiff Curtis Rodrigue alleges that Norman Nelson was operating a hazardous materials tanker truck owned by Slay Transportation when he rear-ended Plaintiff's vehicle stopped for traffic. *Id*. ¶¶ 4-5. Plaintiff was then jolted forward into the rear-end of the vehicle in front of him *Id.* ¶ 6. As a result of the accident, Plaintiff alleges that he suffered from serious head, neck, and back injuries requiring extensive treatment including multiple MRIs and interventional spinal injections. *See* R. Doc. 1-6 and 1-7. Plaintiff brought suit against National Interstate Insurance Company ("NIIC"), Slay Transportation, and Norman Nelson to recover past and future damages for the following: physical

pain and suffering; mental anguish; loss of enjoyment of life; medical expenses; scarring and disfigurement; lost wages and/or earning capacity; and property damage. R. Doc 1-4 ¶ 11.

Plaintiff alleges that Slay Transportation is liable under two theories: first, direct negligence for the negligent hiring, supervision, training, and entrustment of a vehicle to Nelson and second, vicarious liability. Additionally, Plaintiff alleges that at the time of the collision, there was an insurance policy issued by NIIC to insure and indemnify the vehicle operated by Nelson and owned by Slay Transportation. *Id.* ¶ 13.

Defendants answered on August 21, 2020, generally denying liability, and raising a number of affirmative defenses, such as third-party fault, comparative fault, and failure to mitigate damages**.** R. Doc. 5 ¶¶ 24, 25. Then on February 26, 2021, Defendants filed an amended answer admitting that (1) Nelson was solely and completely at fault for the motor vehicle accident on June 17, 2019; (2) Nelson was acting in the course and scope of his employment with Slay Transportation when the incident occurred and (3) Nelson was operating a vehicle owned by Slay Transportation at said time. R. Doc. 38.

## II.    PRESENT MOTION

Defendant Slay Transportation now seeks to dismiss Plaintiff's direct negligence claims for negligent hiring, supervision, training, and entrustment. R. Doc. 13-2. Defendant asserts that, under Louisiana law, a plaintiff cannot maintain direct negligence claims against the employer when the employer, having admitted the employee was acting in the course and scope of employment, is vicariously liable for the negligent acts of its employee.[1] Put differently, Defendant argues that plaintiff cannot "simultaneously maintain both respondeat superior claims and direct

---

[1] *See, e.g.*, *Elee v. White*, 2019-1633 (La. App. 1st Cir. 7/24/20), __ So.3d __, 2020 WL 4251974 at *4, *writ denied*, 20-01048 (La. 11/10/20), 303 So.3d 1038 (Mem), 2020 WL 6580733; *Landry v. Nat'l Union Fire Ins. Co. of Pittsburgh*, 19-337 (La. App. 5th Cir. 12/30/19), 289 So.3d 177, 185-86, *writ denied*, 20-188 (La. 5/1/20), 295 So.3d 945; *and Thomas v. Chambers,* No. 18-4373, 2019 WL 1670745 at *7 (E.D. La. Apr. 17, 2019).

negligence claims against Slay Transportation after Slay Transportation has admitted its employee was in the course and scope of employment when the incident sued upon occurred." *Id.* at 14. In support of this argument, Defendant notes that this rule has been extensively applied by multiple Louisiana state appellate courts[2] and courts in all three federal districts in Louisiana.[3] *Id.* at 5.

In opposition, Plaintiff urges the Court to re-examine this issue pursuant to Louisiana Civil Code Article 2323, which mandates an assessment of fault against all potential tortfeasors. R. Doc. 27 at 2. Plaintiff cites to an opposing line of cases that allow negligence claims against an employer who is vicariously liable for the employee's negligence.[4] *Id*. at 7. Plaintiff argues that dismissing the direct negligence claim would allow Slay Transportation to escape a fault assessment for its own independent acts and omissions so that it essentially becomes nothing more than an insurer of Nelson. *Id.* at 1, 8. Plaintiff further contends that dismissal of this claim "would severely prejudice plaintiff's case by hindering his ability to paint a fully encompassing picture of defendants' tortious conduct." *Id.* Moreover, Plaintiff argues that allowing the employer "to exclude evidence or avoid any public airing of its direct negligence merely because it is also financially liable under a theory of vicarious liability," would thwart the "deterrent aim of tort law." *Id.* (quoting *Roe v. Safety Nat'l Casualty Corp. et al*, No. 18-01353, 2020 WL 3477071 (W.D. La June 25, 2020)).

In reply, Defendant rejects plaintiff's public policy arguments and maintains that public policy considerations weigh in favor of granting the instant motion. R. Doc. 40. Defendant

---

[2] *Elee*, 2020 WL 4251974 at *4-5, *writ denied,* 2020 WL 6580733, *Landry*, 289 So.3d at 185-86, *writ denied*, 295 So.3d 945; *and Perro*, 2020 WL 5815947 at *8.

[3] *See, e.g.*, *Rivera v. Robinson*, No. 18-14005, 2020 WL 5658899 (E.D. La. Sept. 23, 2020); *Wilcox v. Harco Int'l. Ins.*, No. 16-187, 2017 WL 2772088 (M.D. La. June 26, 2017); and *Dennis v. Collins*, No. 15-2410, 2016 WL 6637973 (W.D. La. Nov. 9, 2016).

[4] *Roe v. Safety Nat'l Casualty Corp. et al*, No. 18-01353, 2020 WL 3477071 (W.D. La June 25, 2020); *Gordon v. Great West Casualty Co.*, 2020 WL 3472634 (W.D. La. 06/25/20) and *Fox v. Nu Line Transport LLC*, 2020 WL 4432869 (W.D. La. 07/31/20).

contends that because Slay Transportation's liability for Nelson's negligence is not disputed, evidence at trial related to Slay's alleged negligence in hiring, training, or supervising Nelson would be "superfluous and needlessly time-consuming" and "may confuse the jury about the pertinent issues at trial and could inappropriately impact an award of damages." *Id*. at 7 (quoting *Thomas v. Chambers,* No. 18-4373, 2019 WL 1670745 at *7 (E.D. La. Apr. 17, 2019)).

### III.    LAW & ANALYSIS

#### a.   Legal Standard

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing Fed. R. Civ. P. 56(c)). "Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which the party will bear the burden of proof at trial." *Id.* A party moving for summary judgment bears the initial burden of demonstrating the basis for summary judgment and identifying those portions of the record, discovery, and any affidavits supporting the conclusion that there is no genuine issue of material fact. *Id.* at 323. If the moving party meets that burden, then the nonmoving party must use evidence cognizable under Rule 56 to demonstrate the existence of a genuine issue of material fact. *Id.* at 324.

A genuine issue of material fact exists if a reasonable jury could return a verdict for the nonmoving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1996). "[U]nsubstantiated assertions," "conclusory allegations," and merely colorable factual bases are insufficient to defeat a motion for summary judgment. *See Hopper v. Frank*, 16 F.3d 92, 97 (5th Cir. 1994); *Anderson*, 477 U.S. at 249-50. In ruling on a summary judgment motion, a court may

not resolve credibility issues or weigh evidence. *See Int'l Shortstop, Inc. v. Rally's Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991). Furthermore, a court must assess the evidence, review the facts and draw any appropriate inferences based on the evidence in the light most favorable to the party opposing summary judgment. *See Daniels v. City of Arlington, Tex.*, 246 F.3d 500, 502 (5th Cir. 2001); *Reid v. State Farm Mut. Auto. Ins. Co.*, 784 F.2d 577, 578 (5th Cir. 1986).

"A partial summary judgment order is not a final judgment but is merely a pre-trial adjudication that certain issues are established for trial of the case." *Streber v. Hunter*, 221 F.3d 701, 737 (5th Cir. 2000). Partial summary judgment serves the purpose of rooting out, narrowing, and focusing the issues for trial. *See Calpetco 1981 v. Marshall Exploration, Inc.,* 989 F.2d 1408, 1415 (5th Cir. 1993).

### b. Whether Plaintiff Can Pursue Simultaneous Causes of Action Under Respondeat Superior and Negligence of Employer

Slay Transportation now seeks to dismiss Plaintiff's claims for negligent hiring, training, supervision, and entrustment because it has stipulated that the employee was in the course and scope of employment during the accident. The large majority of courts that have examined this issue have concluded that direct negligence claims, i.e. negligent hiring or training, against the employer are subsumed within a negligence cause of action against the employee when it is stipulated that the employee committed the negligence, if any, within the course and scope of employment. *See, e.g.*, *Rivera v. Robinson,* No. 18-14005, 2020 WL 5658899, at *3 (E.D. La. Sept. 23, 2020) ("When the employer has stipulated to vicarious liability for the employee's negligent act, plaintiffs may not simultaneously maintain a cause of action for respondeat superior liability and for direct negligence (negligent entrustment) against an employee."); *Meadors v. D'Agostino*, No. 18-01007 2020 WL 1529367, at *3 (M.D. La. Mar. 30, 2020) ("When an

employer stipulates to course and scope, the plaintiff cannot also maintain a direct negligence claim against the employer."); *see also Pigott v. Heath*, No. CV 18-9438, 2020 WL 564958, at *3 (E.D. La. Feb. 5, 2020) (collecting cases from other sections of this Court and other federal districts in Louisiana). The following rule has emerged governing simultaneous claims in these instances:

> A plaintiff may not simultaneously maintain independent causes of action in tort against both an employee and an employer for the same incident when the plaintiff alleges both [ ] negligence by the employee and [ ] negligent hiring, training, and/or supervision by the employer; and [when] the employer stipulates that the employee acted in the course and scope of employment.

*Dennis v. Collins,* No. 15-2410, 2016 WL 6637973, at *5 (W.D. La. Nov. 9, 2016).

A court taking the opposite view has allowed these two theories of liability to proceed based in part on the comparative fault scheme set forth in Louisiana Civil Code art. 2323. In *Gordon*, the court found that respondeat superior and direct negligence claims could be maintained simultaneously in light of the fundamental principle that each tortfeasor is responsible only for the portion of the damage he has caused. *Gordon v. Great W. Cas. Co.*, No. 18-00967, 2020 WL 3472634, at **4-5 (W.D. La. June 25, 2020); *see also Roe v. Safety Nat'l Casualty Corp. et al*, No. 18-01353, 2020 WL 3477071 (W.D. La June 25, 2020); and *Fox v. Nu Line Transport LLC*, 2020 WL 4432869 (W.D. La. 07/31/20).

There has been no final decision by the Louisiana Supreme Court on this issue to date; however, the Supreme Court has recently denied writs in two similar cases. *Elee v. White,* 19-1633 (La. App. 1st Cir. 7/24/20), __ So.3d __, 2020 WL 4251974 at *4, *writ denied*, 20- 01048 (La. 11/10/20), 303 So.3d 1038 (Mem), 2020 WL 6580733; *Landry v. Nat'l Union Fire Ins. Co. of Pittsburgh*, 19-337 (La. App. 5th Cir. 12/30/19), 289 So.3d 177, 185-86, *writ denied*, 20-188 (La. 5/1/20), 295 So.3d 945. "Although the denial of a writ does not have jurisprudential value, it demonstrates that the Supreme Court of Louisiana had the opportunity to address the question at

hand but declined to do so." *Rivera v. Robinson*, No. 18-14005, 2020 WL 5658899, at *4 (E.D. La. Sept. 23, 2020)

### IV.   Application to Case at Bar

The Court recognizes the past jurisprudence addressing this issue, as well as Plaintiff's arguments regarding Louisiana's doctrine of comparative fault. *See* La. C.C. art. 2323. The present case, however, differs significantly from those discussed above because there is no issue of liability. Here, Defendants have amended their answer to stipulate not only that Nelson was in the course and scope of his employment during the accident, but also that Nelson was solely and completely at fault. *See* R. Doc. 38 ¶¶ 8-10. In other words, Slay Transportation has admitted that it is liable for the negligent acts of its employee.

As such, the only reason for Plaintiff seeking to admit evidence related to his direct negligence claim against Slay Transportation would be to inflame the jury or to encourage them to punish the Defendant for past conduct. Accordingly, the Court must conclude that evidence of the employer's alleged negligence in hiring or training the employee is not relevant in this case under Rule 401 of the Federal Rules of Evidence, and if relevant, problematic under Rule 403 of the Federal Rules of Evidence as there is a significant danger of unfair prejudice or misleading the jury. Fed. R. Evid. 401; 403.

Based on the facts of this case, the Court need not weigh in on the broader debate at this time. In this case, the only remaining issue is the nature and extent of Plaintiff's damages. Regardless of whether these theories are considered two independent cases of action, the practical reality is that specific evidence of the employer's alleged direct negligence in hiring or training the employee is inadmissible at trial in the instant case for the reasons stated.

## VI. CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that the Defendant's motion for partial summary judgment on Plaintiff's

negligent hiring, training, supervision, and entrustment claims, R. Doc. 13, is hereby **GRANTED.**


New Orleans, Louisiana, this 25th day of March, 2021.

UNITED STATES DISTRICT JUDGE