## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**CURTIS RODRIGUE**

**VERSUS**

**NATIONAL INTERSTATE INSURANCE
COMPANY, NORMAN NELSON, AND
SLAY TRANSPORTATION, CO. INC.**

**CIVIL ACTION NO.: 2:20-CV-02267**

**SECTION: L (2)**

**JUDGE ELDON E. FALLON**

**MAGISTRATE JUDGE DONNA
PHILLIPS CURRAULT**

### PLAINTIFF'S *DAUBERT* MOTION TO EXCLUDE
### DEFENDANTS' MEDICAL BILLING EXPERT NANCY MICHALSKI

NOW INTO COURT, through undersigned counsel, comes plaintiff, Curtis Rodrigue, who moves to exclude testimony and evidence from defendants' purported medical billing expert, Nancy Michalski, for the following reasons:

1.

This case is set for jury trial starting on September 20, 2021.

2.

Defendants have hired Nancy Michalski, a purported expert in medical bill auditing.

3.

As a result of the injuries sustained in the subject crash, Mr. Rodrigue received medical treatment from Avala Hospital ("Avala").

4.

Mr. Rodrigue was charged $97,407.00 for the treatment he received at Avala from October 22, 2019 through June 29, 2020. No evidence has been presented to dispute that the treatment rendered at Avala was made necessary by the subject crash.

5.

The Avala bill remains outstanding in full. To date, only deposits have been made by Mr. Rodrigue to secure the service. No third-party payor has made any other payments on his behalf.

6.

Ms. Michalski opines the Avala billed amount is excessive. She further opines a reasonable amount for the Avala bill is $34,966.88.

7.

According to her February 28, 2021 Expert Report titled "Med Bill Audit Analysis and Record Review," Ms. Michalski bases her opinions on four sources: Physicians' Fee Reference (Yale Wassermann, DMD Medical Publishers, Ltd), Medical Fees (Context4Healthcare Inc. Practice Management Information Corporation [PMIC]), National Fee Analyzer (Optum360, LLC. Optum), and Find A Code Medical and Billing Resource. All four sources are unreliable because the publications contain disclaimers with language explaining the information contained therein should not be relied upon as fact or for scientific inquiry.

8.

The stated sources are also unreliable because they only grant limited licenses to *view* the confidential content; thus, limiting the license of the user (in this case the purported expert witness) to personal, non-commercial use—not scientific inquiry or testing that can be relied upon by medical experts and then communicated to juries.

9.

In addition, Ms. Michalski's opinions regarding a reasonable charge are not relevant and only serve to mislead and confuse the jury regarding the actual amount due for medical treatment

made necessary by the subject collision.  Also, the opinions would not assist the jury in determining whether the charges were incurred in good faith, which is the only relevant inquiry.

10.

Ms. Michalski does not offer any opinions regarding any other medical bills incurred by Mr. Rodrigue related to this crash.

WHEREFORE, plaintiff prays that after due proceedings are had, the Court issue an Order excluding at the trial of this matter, in whole or in part, the testimony and opinions of defendant expert, Nancy Michalski, because (1) her opinions rely upon scientifically unreliable data, (2) her methods rely upon confidential, proprietary information not intended for this use, and (3) her opinion would only serve to confuse and mislead the jury.

Respectfully submitted:

**DUDLEY DEBOSIER, APLC**

*/s/G. Adam Savoie*
STEVEN A. DEBOSIER (Bar No. 22331)
G. ADAM SAVOIE (Bar No. 32676)
CHRISTOPHER B. GIOE (Bar No. 36469)
622 Baronne Street
New Orleans, LA 70113
Telephone:     (504) 433-3333
Facsimile:     (504) 528-3069
*Counsel for Plaintiff, Curtis Rodrigue*

## CERTIFICATE OF SERVICE

I do hereby certificate that I have served the foregoing pleading on all counsel of record by electronic mail this 20th day of April 2021.

*/s/G. Adam Savoie*
G. Adam Savoie (#32676)