# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CURTIS RODRIGUE | CIVIL ACTION |
| VERSUS | NO. 20-2267 |
| NATIONAL INSURANCE COMPANY ET AL. | SECTION "L" (2) |

## ORDER AND REASONS

Before the Court is Plaintiff's Motion for Sanctions. R. Doc. 54. Defendants filed an opposition, R. Doc. 58, and a motion to strike the sanctions and for counter sanctions, R. Doc. 57, in response. Having considered the parties' arguments and the relevant law, the Court now rules as follows.

### I. BACKGROUND

This case arises from a three-vehicle accident that occurred on June 17, 2019 on I-12 Westbound in St. Tammany Parish, Louisiana. R. Doc. 1-4 ¶ 2. Plaintiff Curtis Rodrigue alleges that Norman Nelson was operating a hazardous materials tanker truck owned by Slay Transportation Co, Inc. ("Slay Transportation") when he rear-ended Plaintiff's vehicle stopped for traffic. *Id*. ¶¶ 4-5. Plaintiff was then jolted forward into the rear-end of a vehicle in front of him owned by Blue Star Pest Control. *Id.* ¶ 6. Plaintiff alleges that he suffered from serious head, neck, and back injuries as a result of the accident, requiring extensive treatment including multiple MRIs and interventional spinal injections. *See* R. Doc. 1-6 and 1-7. Plaintiff brought suit against National Interstate Insurance Company ("NIIC"), Slay Transportation, and Norman Nelson to recover past and future damages for the following: physical pain and suffering; mental anguish; loss of

1

enjoyment of life; medical expenses; scarring and disfigurement; lost wages and/or earning capacity; and property damage. R. Doc 1-4 ¶ 11.

Defendants answered, generally denying liability and raising a number of affirmative defenses including third-party fault, comparative fault, and failure to mitigate damages. R. Doc. 5 ¶¶ 24, 25. On February 26, 2021, Defendant Slay Transportation filed an amended answer admitting that (1) Nelson was solely and completely at fault for the subject motor vehicle accident of June 17, 2019; (2) Nelson was acting in the course and scope of his employment with Slay Transportation when the incident occurred and (3) Nelson was operating a vehicle owned by Slay Transportation at said time. R. Doc. 38. As a result, this Court granted Defendant's motion for partial summary judgment dismissing Plaintiff's negligent hiring, training, and supervision claims. R. Doc. 50 at 8.

II. **PRESENT MOTIONS**

Plaintiff filed a Motion for Sanctions seeking to impose sanctions on counsel for Defendants Slay Transportation Co. ("Slay") and Normal Nelson. Plaintiff argues that defense counsel violated Rule 11 by denying the liability of Slay's employee, Norman Nelson, in the original Answer when available testimony by a corporate representative stated otherwise. R. Doc. 54-1 at 1-2. In so doing, Plaintiff claims that defense counsel failed to make a reasonable inquiry into fault thereby creating unnecessary delays and increasing costs. *Id.* at 2. Furthermore, Plaintiff argues that pleadings violate Rule 11 by making statements contradicting sworn testimony by Mr. Nelson that he was not at fault for the accident. *Id.* at 3. Plaintiffs request sanctions in the form of (1) Mr. Nelson being afforded separate counsel and an opportunity to file pleadings consistent with his sworn testimony and (2) permission for Plaintiff to present fault-related evidence at trial. *Id.* at 4-5.

Defendants oppose the motion, arguing that Plaintiff's counsel failed to comply with the procedural requirements of Rule 11. R. Doc. 58. Defendants further maintain that their denial of fault-related allegations in the original Answer was in accordance with the information available to undersigned counsel at the time of filing. *Id*. at 2. Defendants also point out that no depositions took place between the filing of the original Answer and the judicial admission of Mr. Nelson's fault; therefore, no additional costs were incurred by Plaintiff during this time. *Id*. at 5-6. Rather, Plaintiffs' counsel chose to pursue liability-related discovery despite Defendants' admission of fault. *Id.* Defendants then moved to strike Plaintiff's motion for sanctions and to im. R. Doc. 57-1.

### III. LAW & ANALYSIS

Rule 11(b) of the Federal Rules of Civil Procedure provides that an attorney presenting written motions to the Court "certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:"

>   (1)   it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>   (2)   the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>   (3)   the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discover; and
>   (4)   the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

"[T]he central purpose of Rule 11 is to deter baseless findings in district court… ." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990). Under Rule 11(c)(1), "[i]f, after notice and a reasonable opportunity to respond the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney … that violated the rule or is responsible for

3

the violation." Rule 11(c)(2) prescribes the procedure for filing a motion for sanctions under Rule 11:

> A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). The motion must be served under Rule 5, but it must not be filed or presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets. If warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion.

This so-called "safe harbor" provision seeks to "give the parties at whom the motion is directed an opportunity to withdraw or correct the offending contention." *Elliott v. Tilton*, 64 F.3d 213, 216 (5th Cir. 1995). The Fifth Circuit has interpreted the "plain language of the rule" to mean that such "notice and opportunity prior to filing is mandatory." *Id.* In the present case, the record indicates that plaintiff did not serve their motion for sanctions on the defendants and defense counsel prior to filing. Because Plaintiff did not comply with this procedural prerequisite, his motion for sanctions must be denied.

Moreover, even if Plaintiff had met the procedural requirements of Rule 11(c)(2), the Court finds that no Rule 11 violation has occurred. Here, Defendants' original Answer contained responses based on the information available to undersigned counsel at that time, which was prior to any discovery having been completed, based on very limited discussions with Mr. Nelson which required further investigation, and prior to undersigned counsel having spoken with nonparty Ontine Davis, who was the driver of the third vehicle involved in the subject accident. R. Doc. 58 at 2. In fact, it was not until additional discovery, and defense counsel retaining the services of a private investigator to track down and secure additional information from Mr. Nelson, that Defendants were in a position to admit Mr. Nelson's fault for the accident, which they promptly did. *Id.* at 5. These factors all support the conclusion that defense counsel made a reasonable

4

inquiry into the facts before denying his client's liability. *Thomas v. Cap. Sec. Servs., Inc.*, 836 F.2d 866, 875–76 (5th Cir. 1988) (holding that the district court may consider factors such as the time available for investigation, the feasibility of a prefiling investigation, reliance upon one's client, and the extent to which development of the factual circumstances requires discovery).

Rule 11 is reserved for the rare circumstances in which the Court feels that counsel is motivated by an "improper purpose." Fed. Civ. P. R. 11(b)(1); *Whitehead v. Food Max of Mississippi, Inc.*, 332 F.3d 796, 805 (5th Cir. 2003). In this case, Defendants' counsel may have had an incorrect impression of the underlying facts, and may not have pursued every possible avenue of investigation before filing the Answer, but those facts alone do not constitute a Rule 11 violation.[1] Similarly, while the Court finds that Plaintiff's motion for sanctions is not meritorious, the Court does not believe that the motion was filed for an improper purpose, and thus declines to impose sanctions on Plaintiff as requested by Defendants. Neither the original Answer nor the instant motion constitute baseless filings as contemplated by Rule 11.[2] Therefore, both parties' requests for sanctions must be denied.

IV. **CONCLUSION**

For the foregoing reasons,

**IT IS ORDERED** that Plaintiff's Motion for Sanctions, R. Doc. 54, is **DENIED**.

---

[1] The Court agrees that Defendant's counsel may not have performed the fullest investigation possible, but the Court also notes that Rule 11 does not require the fullest possible inquiry—only a "reasonable inquiry" is required.

[2] "The central purpose of Rule 11 is to deter baseless filings in district court and thus, consistent with the Rules Enabling Act's grant of authority, streamline the administration and procedure of the federal courts." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393, 110 S. Ct. 2447, 2454, 110 L. Ed. 2d 359 (1990)

**IT IS FURTHER ORDERED** that Defendants' Motion to Strike the Motion for Sanctions and request for counter sanctions, R. Doc. 57, is **DENIED**.

New Orleans, Louisiana, this 1st day of July, 2021.

_____
UNITED STATES DISTRICT JUDGE